**JOHNSON et, Plaintiffs, v. CINCINNATI (City) et, Defendants.**

Common Pleas Court, Hamilton County.

No. A-159552.   Decided July 22, 1958.

Kennedy, Moore & Heilker, Cincinnati, for plaintiffs.

James W. Farrell, Jr., City Solicitor, Isabel Guy, Asst. City Solicitor, Cincinnati, for defendants.

## OPINION

By SCHNEIDER, J.:

The petition herein was filed as a taxpayers action but the Court is of the opinion that the subject matter encompassed by the petition is not such as may be brought by a taxpayer upon behalf of all other taxpayers. Actually the petition represents that the plaintiffs are owners of real estate in the City of Cincinnati and the Court will consider the action as one seeking relief for plaintiffs alone, and the relief granted as a result of this opinion, will be applicable only, and restricted to, the party plaintiffs.

Plaintiffs are owners of residential property in the City of Cincinnati. Each plaintiff has an existing automobile driveway from the paved street across the sidewalk area of the street and extending into his own property. The sidewalk portion of the street in front of these homes consists of a center strip made of concrete pavement for the use of pedestrians, a sod strip which lies between concrete walk and the property line of the owners, and a park-strip which lies between the concrete walk and the curb. The driveway is made of bituminous (i. e. black top) material and this black top material covers both the sod section of the sidewalk and the park-strip section of the sidewalk. This condition has existed for many years having been constructed either without a permit from the city or under a temporary permit. An ordinance of the defendant city in existence since 1922 required that all driveways erected over city streets and sidewalks be built of concrete. Acting under the above ordinance the city, in April, 1957, issued notices to plaintiffs to remove the black top installation now existing in the sidewalk area, namely, along the sod portion of the driveway and the park-strip portion of the sidewalk and replace the same with concrete.

Plaintiffs contend that said action by the city is arbitrary and unreasonable and bears no relation to the public health, safety, welfare or morals and that it constitutes an abuse of corporate powers and an unlawful interference with property rights of plaintiffs and other taxpayers of the city and seeks an Order of this Court restraining said action.

The parties have submitted an agreed statement of facts and several exhibits. In addition, plaintiffs offer the testimony of a qualified engineer or expert in the field of paving materials.

There is no claim made by the city that these portions of black top in controversy are not in good condition, in need of repair, or not free from nuisance, or that they constitute a hazard to pedestrians or other persons having the right to use said sidewalk.

On the other hand plaintiffs claim they would be put to great expense in replacing the present bituminous portion with concrete.

It is a reasonable assumption from the evidence before the Court that there is little difference in cost for an original installation as between the two types of material and it is also reasonable to assume from the evidence that the making of necessary repairs to the small sections of bituminous would not require the use of such heavy equipment as would jeopardize the concrete portion of the sidewalk; in other words, it would not be necessary to use heavy roller equipment to make repairs in the bituminous portion.

It is further reasonable to assume that these driveways were installed at the time the homes were built on the properties of the plaintiffs, with or without a permit from the city. Assuming that there was no permit issued for the installation the city had ample time to stop the original installation or to seek timely enforcement of its ordinances.

It is the opinion of the Court that the enforcement of the city's order against these plaintiffs at this time would work unreasonable, unnecessary and costly hardship upon plaintiffs. Such enforcement would be in no wise related to the public health, safety or welfare, and, in equity, should not be permitted.

A permanent order will issue as prayed for.